Dear Mayor Cox:
You advise this office that a conflict has arisen between you in your capacity as mayor of the Town of Cheneyville and the board of aldermen. Specifically, the board has reinstated a police officer whose employment was terminated by you.
The Town of Cheneyville is a Lawrason Act Municipality, and is governed by the following provisions pertinent to this matter, specifically, R.S.33:381(C)(19) and R.S. 33:404 providing:
§ 381. Municipal officers
 (19) Notwithstanding any other provisions of law to the contrary, the office of police chief in the town of Cheneyville shall be an appointive and not an elective office The board of aldermen, upon recommendation of the mayor, shall establish the chief's salary and shall, by ordinance, establish the duties, responsibilities, and qualifications of the office. The police chief's term of office shall be concurrent with that of the appointing mayor and aldermen. The mayor shall, in accordance with such ordinances, supervise and direct the administration of the office, and the chief shall report directly to the mayor. (Emphasis added).
* * * * *
§ 404. Duties of the mayor
 A. The mayor shall have the following powers, duties, and responsibilities;
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with the ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
 (2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
 (3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a non-elected chief of police, the municipal clerk, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. Furthermore, selection or removal of any person engaged by a municipality to conduct an examination, review, compilation, or audit of its books and accounts pursuant to R.S. 24:517
shall be subject to approval by the board of aldermen of that municipality. (Emphasis added).
Interpreting the foregoing statutes, we conclude that the board of aldermen are without authority to adopt an ordinance making the hiring, firing, and suspension of all city employees (including police personnel) contingent upon the board's approval. Such an ordinance is in conflict with R.S. 33:404(A)(1), stating that while the mayor directs the operation of all municipal departments "in conformity with ordinances adopted by the board of aldermen", the statute further mandates that "no such ordinance may limit the authority granted to the mayor." Such an action by the board of aldermen is in violation of R.S. 33:404(3), which gives the mayor the authority "to appoint and remove municipal employees."
We continue to adhere to our previous conclusion in Attorney General Opinion 01-327, specifically, that the mayor directs the administration of the Cheneyville police department. Inasmuch as the department has an appointed chief of police, the authority to hire, fire, and suspend police officers rests solely with the mayor and may not legally be contradicted by the board. The action of the board to reinstate this officer is without effect, and the ordinance purporting to limit the mayor's authority in this regard is invalid.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams